**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN TORRES, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| EVOLENT HEALTH LLC, | ) | |
| | ) | |
| Defendant | ) | JURY DEMANDED |
| | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Martin Torres, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendant Evolent Health LLC ("Defendant"), as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned overtime pay for all time worked.

2.      Defendant is a publicly traded company that works with health care providers and health insurance companies to provide health plan administration, network performance management and pharmacy benefit management.

3.      Defendant manages, controls and operates customer service call centers within this judicial district and in Kentucky, Texas and Florida.

4.      At its call centers in Illinois, Kentucky, Texas and Florida, Defendant manages and

controls the telephone-dedicated customer service representatives who are the putative collective and class members in this lawsuit.

5.      Plaintiff worked as a telephone-dedicated customer service representative at Defendant's Chicago, Illinois call center.

6.      Defendant required Plaintiff and similarly situated telephone-dedicated customer service representatives to be ready to handle a call from the call queue at the start of their scheduled shift times.

7.      In order to be ready to handle a call at the start of their scheduled shift time, Plaintiff and similarly situated customer service representatives had to first boot up their computers, open various software programs necessary for handling a call and read work email regarding services and information for the day's calls.  Plaintiff and the putative collective did this work before the start of their scheduled shift time.

8.      Under its policies and practices, Defendant regularly failed to pay these workers for their pre-shift work.

9.      Additionally, under Defendant's policies and practices, Plaintiff and similarly situated telephone-dedicated employees had to be available to handle a call until the end of their scheduled shift time. As a result, they regularly worked past the end of their scheduled shift time when completing customer calls, closing their software programs and securing confidential information.

10.     Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated customer service representatives to perform unpaid work before and after their scheduled shift times. This unpaid pre-shift work includes logging into Defendant's computers and network, initializing several software programs, and reading company issued

emails and instructions at the beginning of their shifts. The unpaid post-shift work includes completing customer service calls, securing their workstations, and securing any customer or proprietary information at and after the end of their shifts.

11.      The amount of uncompensated overtime Plaintiff and those similarly situated to him spend or have spent on these unpaid work activities averages approximately 15 minutes per day.

12.      Defendant's conduct violates the FLSA and IMWL, which require non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See e.g.* 29 U.S.C. § 207(a); 820 ILCS § 105/4(a).

13.      Plaintiff brings his FLSA overtime claim as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone dedicated employees who worked for Defendant in the United States. Plaintiff brings his IMWL overtime claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone-dedicated employees.

## JURISDICTION AND VENUE

14.      This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

15.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Plaintiff resides in this District, Defendants have offices, conduct business, and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

## THE PARTIES

### i.    *Plaintiff*

16.     Plaintiff Martin Torres is an individual who Defendant employed from approximately December 4, 2017 to the present as an hourly, non-exempt telephone-dedicated employee in Defendant's call center in Chicago, Illinois.  Plaintiff Torres resides in and is domiciled within this judicial district.  A copy of Plaintiff's opt-in form is attached hereto as Exhibit 1.

### ii.    *Evolent Health LLC*

17.     Defendant Evolent Health LLC works with health care providers and health insurance companies to provide health plan administration, network performance management and pharmacy benefit management.

18.     Evolent Health LLC is a Delaware manager-managed limited liability.  Evolent Health LLC is managed by Evolent Health, Inc.

19.     During the three years preceding the filing of this Complaint, Evolent Health LLC owned, managed and controlled "call centers" in Illinois, Kentucky, Texas and Florida where telephone-dedicated employees similar to Plaintiff handle phone calls regarding health insurance policies and health-insurance policy related questions.

20.     At all times pertinent hereto, Defendant directed, implemented and controlled the wage and hour and employment policies and practices at issue in this lawsuit.  Further, Defendant established, originated, and ratified the wage and hour and employment policies and practices applied to Plaintiff and the putative class members.

21.     At all times pertinent hereto, Defendant was the "employer" of Plaintiff and the putative class and collective, as the term "employer" is defined under the FLSA and IMWL.

## FACTUAL ALLEGATIONS

### A.    *Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

22.    Defendant operated and has operated "call centers" in Illinois, Kentucky, Texas and Florida where telephone-dedicated employees similar to Plaintiff handle phone calls regarding health insurance policies and health insurance claims.

23.    Plaintiff and the putative class and collective members worked as customer service representatives and handle phone calls with customers, providers and agents.

24.    At their call centers, Defendant required Plaintiff and similarly situated phone-based employees to be ready to handle a call at the start of their scheduled shift times.

25.    In order to be ready to handle a call, Plaintiff and similarly situated employees had to first boot up their computers and open various software programs necessary for handling a call.

26.    Plaintiff and similarly situated employees had to be available to handle calls until the end of their scheduled shift time.  After their last call, Plaintiff and similarly situated employees finish the computer work and reporting about their last call and/or close down their various software programs and computer.

27.    Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times. This unpaid work includes but is not limited to booting up computers, initializing several software programs, reading company issued emails and instructions at the beginning of their shifts, and completing customer service calls, securing their workstations, locking their desk drawers, and securing any customer or proprietary information at the end of their shifts.

28.    Prior to being allowed to work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of

5

Defendant.

29.     At all relevant times, Defendant had the power to hire and fire Plaintiff and other persons similarly situated.

30.     Defendant regularly scheduled Plaintiff and other persons similarly situated to work 40 hours or more per workweek.  For example, Plaintiff worked 40 hours more per week during the pay periods ending in March 30, 2018, April 30, 2018, June 29, 2018 and August 31, 2018.

31.     At Defendant's call centers, including the Chicago, Illinois call center where Plaintiff worked, Defendant's managers and supervisors worked on the call center floor during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

32.     Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use.  Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor.

33.     Defendant possesses, controls and/or has access to network security logs, network event logs and/or electronic data that shows the times each work day that Plaintiff and similarly situated telephone-based employees logged into Defendant's computers, network, telephone systems and software programs.

34.     By possessing, controlling and/or accessing the information in Paragraph 33, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

35.     Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into Defendant's computers and network, initialized necessary software programs, and read company issued emails and instructions prior to the start of their

scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

36.     Defendant knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

37.     The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities averages approximately 15 minutes per day per person.

38.     Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

### B.     *Defendant Knew of and Assented to the Pre-Shift Work*

39.     Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones and the call queue by to the employee's scheduled start time.

40.     In order to be logged into Defendant's telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

41.     Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

42.     This policy and practice of Defendant results in telephone-based employees, including the Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

43.     As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendant knew and were aware that the telephone-based employees performed work prior to the start of their scheduled shift.

44.     Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time.  Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time.

45.     By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

C.     *Defendant's Failure to Pay Regular and/or Overtime Wages to Their Telephone-Based Hourly Employees*

46.     Defendant determined the rate of pay for Plaintiff and other similarly situated persons.

47.     Plaintiff and other similarly situated persons submitted their timesheets to Defendant's managers for review prior to receiving their paychecks.  These timesheets were reviewed and approved by employees of Defendant.

48.     Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

49.     Plaintiff and those employees similarly situated are individuals who were, or are,

employed by Defendant in customer service and similar positions at Defendant's call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

50.     Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to health insurance policies. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

51.     Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked. Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls.

52.     The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of their hourly employees.

53.     Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

54.     Defendant's policy and practice of requiring and/or permitting their employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206 and for employees in Illinois, Section 4 of the IMWL, 820 ILCS § 105/4.

55.     Defendant's policy and practice of requiring their employees to perform work

without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

56.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

57.     Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

59.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as telephone-dedicated employees, however titled, and who were compensated, in part or in full, on an hourly basis throughout the United States at any time between April 30, 2016 and the present who did not receive the full amount of overtime wages earned and owed to them.

60.     There are questions of law or fact common to the employees described in paragraph 59.

61.     Plaintiff is similarly situated to the employees described in paragraph 59, as Plaintiff's claims are typical of the claims of those persons.

62.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons

described in paragraph 59.

63.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 59.

64.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

65.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 59.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff bring Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

67.     With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between April 30, 2016 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

68.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23 because the IMWL Class is so numerous that joinder of all class members is impracticable.

69.     Plaintiff and the members of the IMWL Class have been equally affected by Defendant's practice of not compensating employees for all time worked.

70.     Plaintiff and the members of the IMWL Class have been equally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

71.     Furthermore, members of the IMWL Class still employed by Defendant may be

11

reluctant to raise individual claims for fear of retaliation.

72.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

73.     Plaintiff and the members of the IMWL Class, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

74.     Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL Class.  Plaintiff's counsel are competent and experienced in litigating large wage and hour and other employment class actions.

75.     If individual actions were required to be brought by each member of the Illinois Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

76.     Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

77.     Plaintiff and his counsel will fairly and adequately protect the interest of both classes.

## COUNT I – FLSA
### (Failure to Pay Overtime Wages)

78.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65 as paragraph 78 of this Count I.

79.     Plaintiff, individually and on behalf and the members of the collective described in paragraph 59, asserts claims for unpaid overtime pursuant to the FLSA.

80.     At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

81.     At any and all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 59 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

82.     At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 59 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

83.     Plaintiff and the members of the collective described in paragraph 59 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

84.     At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 59 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

   a.  Defendant knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

   b.  Defendant failed to maintain true and accurate time records; and

   c.  Defendant encouraged Plaintiff and the members of the collective described in paragraph 59 to not record all time worked.

85.     As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 59 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others

similarly situated in a sum that will properly, adequately and completely compensate them for the

nature, extent and duration of their damages, the costs of this action and as follows:

    a. Declare and find that the Defendant committed one or more of the following acts:

        i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff; and

        ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff.

    b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

    c. Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party Plaintiff;

    d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

    e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

    f. Grant leave to add additional Plaintiff by motion or any other method approved by the Court to conform with the proofs at trial; and

    g. Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Failure to Pay Earned Overtime Wages)

86.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through

57 and 66 through 77 as paragraph 86 of this Count II, as if fully set forth herein.

87.    This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

88.    The matters set forth in this Count II arise from Defendant's violation of the

overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a.

Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class

pursuant to 820 ILCS § 105/12(a).

14

89. Defendant employed Plaintiff and the IMWL Class as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

90. At all relevant times, Defendant was an "employer" of Plaintiff and the IMWL Class, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

91. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

92. Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

93. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

94. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

a. That the Court determine that this action may be maintained as a class action;

b. A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e.  Such other and further relief as this Court deems appropriate and just.


Dated:  April 30, 2019                          Respectfully submitted,
                                                MARTIN TORRES, Individually and on Behalf
                                                Of All Others Similarly Situated,

                                                /s/ Thomas M. Ryan
                                                One of Plaintiff's attorneys

James X. Bormes                                 Thomas M. Ryan
Catherine P. Sons                               Law Office of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.             35 East Wacker Drive
8 South Michigan Avenue                         Suite 650
Suite 2600                                      Chicago, Illinois 60601
Chicago, Illinois 60603                         (312) 726-3400
(312) 201-0575