**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN TORRES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-2887 |
| v. | ) ) | Hon. Virginia M. Kendall |
| EVOLENT HEALTH LLC, | ) ) | Magistrate Hon. Shelia Finnegan |
| Defendant | ) ) | JURY DEMANDED |

<u>**AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**</u>

Plaintiff, Martin Torres, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendant Evolent Health LLC ("Defendant"), as follows:

<u>**NATURE OF PLAINTIFF'S CLAIMS**</u>

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned overtime pay for all time worked, and failing to include non-discretionary bonuses in determining the employees' regular and overtime rates of pay.

2.     Defendant is a publicly traded company that works with health care providers and health insurance companies to provide health plan administration, network performance management and pharmacy benefit management.

3.     Defendant manages, controls and operates customer service call centers within this judicial district and in Kentucky, Texas and Florida.

4.     At its call centers in Illinois, Texas and Florida, Defendant manages and controls the telephone-dedicated customer service representatives who are the putative collective and class members in this lawsuit.

5.     Plaintiff worked as a telephone-dedicated customer service representative at Defendant's Chicago, Illinois call center.

6.     Defendant required Plaintiff and similarly situated telephone-dedicated customer service representatives to be ready to handle a call from the call queue at the start of their scheduled shift times.

7.     In order to be ready to handle a call at the start of their scheduled shift time, Plaintiff and similarly situated customer service representatives had to first boot up their computers, open various software programs necessary for handling a call and read work email regarding services and information for the day's calls.  Plaintiff and the putative collective and class did this work before the start of their scheduled shift time.

8.     Under its policies and practices, Defendant regularly failed to pay these workers for their pre-shift work.

9.     Additionally, under Defendant's policies and practices, Plaintiff and similarly situated telephone-dedicated employees had to be available to handle a call until the end of their scheduled shift time. As a result, they regularly worked past the end of their scheduled shift time when completing customer calls, closing their software programs and securing confidential information.

10.     Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated customer service representatives to perform unpaid work before and after their scheduled shift times. This unpaid pre-shift work includes logging into Defendant's

computers and network, initializing several software programs, and reading company issued emails and instructions at the beginning of their shifts. The unpaid post-shift work includes completing customer service calls, securing their workstations, and securing any customer or proprietary information at and after the end of their shifts.

11.     The amount of uncompensated overtime Plaintiff and those similarly situated to him spend or have spent on these unpaid work activities averages approximately 15 minutes per day.

12.     Additionally, Defendant failed to include non-discretionary bonuses earned by Plaintiff and similarly situated employees in determining the employees' regular rate of pay.  This failure caused Defendant's employees to be paid an overtime wage in an amount less than actually earned.

13.     Defendant's conduct violates the FLSA and IMWL, which require non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See e.g.* 29 U.S.C. § 207(a); 820 ILCS § 105/4(a).

14.     Plaintiff brings his FLSA overtime claim as a collective action pursuant to 29 U.S.C. 216(b) on behalf of telephone dedicated employees who worked for Defendant in the United States. Plaintiff brings his IMWL overtime claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone-dedicated employees.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Plaintiff

resides in this District, Defendant has offices, conducts business, and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

## THE PARTIES

### i.    *Plaintiff*

17.    Plaintiff Martin Torres is an individual who Defendant employed from approximately December 4, 2017 to the present as an hourly, non-exempt telephone-dedicated employee in Defendant's call center in Chicago, Illinois.  Plaintiff Torres resides in and is domiciled within this judicial district.

### ii.    *Evolent Health LLC*

18.    Defendant Evolent Health LLC works with health care providers and health insurance companies to provide health plan administration, network performance management and pharmacy benefit management.

19.    Evolent Health LLC is a Delaware manager-managed limited liability company. Evolent Health LLC is managed by Evolent Health, Inc.

20.    During the three years preceding the filing of this Complaint, Evolent Health LLC owned, managed and controlled "call centers" in Illinois, Kentucky, Texas and Florida where telephone-dedicated employees similar to Plaintiff handle phone calls regarding health insurance policies and health-insurance policy related questions.

21.    At all times pertinent hereto, Defendant directed, implemented and controlled the wage and hour and employment policies and practices at issue in this lawsuit.  Further, Defendant established, originated, and ratified the wage and hour and employment policies and practices applied to Plaintiff and the putative collective and class members.

22.     At all times pertinent hereto, Defendant was the "employer" of Plaintiff and the putative class and collective, as the term "employer" is defined under the FLSA and IMWL.

## **FACTUAL ALLEGATIONS**

**A.      *Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time***

23.     Defendant operated and has operated "call centers" in Illinois, Kentucky, Texas and Florida where telephone-dedicated employees similar to Plaintiff handle phone calls regarding health insurance policies and health insurance claims.

24.     Plaintiff and the putative class and collective members worked as customer service representatives and handle phone calls with customers, providers and agents.

25.     At its call centers, Defendant required Plaintiff and similarly situated phone-based employees to be ready to handle a call at the start of their scheduled shift times.

26.     In order to be ready to handle a call, Plaintiff and similarly situated employees had to first boot up their computers and open various software programs necessary for handling a call.

27.     Plaintiff and similarly situated employees had to be available to handle calls until the end of their scheduled shift time.  After their last call, Plaintiff and similarly situated employees finish the computer work and reporting about their last call and/or close down their various software programs and computer.

28.     Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times. This unpaid work includes but is not limited to booting up computers, initializing several software programs, reading company issued emails and instructions at the beginning of their shifts, and completing customer service calls, securing their workstations, locking their desk drawers, and securing any customer or proprietary information at the end of their shifts.

29.     Prior to being allowed to work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

30.     At all relevant times, Defendant had the power to hire and fire Plaintiff and other persons similarly situated.

31.     Defendant regularly scheduled Plaintiff and other persons similarly situated to work 40 hours or more per workweek.  For example, Plaintiff worked 40 hours or more per week during the pay periods ending in March 30, 2018, April 30, 2018, June 29, 2018 and August 31, 2018.

32.     At Defendant's call centers, including the Chicago, Illinois call center where Plaintiff worked, Defendant's managers and supervisors worked on the call center floor during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

33.     Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use.  Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor.

34.     Defendant possesses, controls and/or has access to network security logs, network event logs and/or electronic data that shows the times each work day that Plaintiff and similarly situated telephone-based employees logged into Defendant's computers, network, telephone systems and software programs.

35.     By possessing, controlling and/or accessing the information in Paragraph 34, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

36.     Despite having this information and knowing that Plaintiff and similarly situated

telephone-based employees logged into Defendant's computers and network, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

37.     Defendant knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times.

38.     The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities averages approximately 15 minutes per day per person.

39.     Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

### B.      *Defendant Knew of and Assented to the Pre-Shift Work*

40.     Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones and the call queue by to the employee's scheduled start time.

41.     In order to be logged into Defendant's telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

42.     Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

43.     This policy and practice of Defendant results in telephone-based employees, including the Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

44.     As set forth herein, via its policies and practices and through its own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift.

45.     Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time.  Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class and collective members to work prior to their scheduled shift time.

46.     By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

**C.     *Defendant's Failure to Pay Regular and/or Overtime Wages to Their Telephone-Based Hourly Employees***

47.     Defendant determined the rate of pay for Plaintiff and other similarly situated persons.

48.     Plaintiff and other similarly situated persons submitted their timesheets to Defendant's managers for review prior to receiving their paychecks.  These timesheets were reviewed and approved by employees of Defendant.

49.     Defendant supervised and controlled the work schedule of Plaintiff and other

similarly situated persons.

50.     Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service and similar positions at Defendant's call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

51.     Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to health insurance policies. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

52.     Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked. Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls.

53.     The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of their hourly employees.

54.     Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

55.     Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206 and for employees in

Illinois, Section 4 of the IMWL, 820 ILCS § 105/4.

56.     Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

57.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

58.     Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

D.     ***Defendant's Failure to Include Non-Discretionary Bonuses in Determining Its Employees' Regular Rate of Pay***

59.     Effective April 1, 2019, Defendant implemented a "Pay for Performance Bonus System".

60.     This system "provides bonus awards to Customer Service team members who meet or exceed targeted metrics".

61.      Under the system, customer service representatives, including Plaintiff and others similarly situated, can earn monthly performance awards in the amount of $250.00 if they meet or exceed schedule adherence and quality assurance goals.

62.     Before the Pay for Performance Bonus System was formally implemented on April 1, 2019, Defendant awarded its customer service representatives bonuses for meeting various goals, including annual performance bonuses.

63.     For example,oOn February 18, 2019, Defendant issued a letter to Plaintiff Torres informing him that on March 15, 2019, he would receive a bonus of $320.00 for his work performed in 2018.

64.     Defendant failed to include the amount of these and other non-discretionary bonuses when determining its employees' regular rate of pay, as required by the FLSA, 29 U.S.C. § 207(e), and the IMWL, 820 ILCS 105/3(b).

65.     Defendant's failure to include the amount of its employees' non-discretionary bonuses in determining the employees' regular rate of pay caused them to receive an overtime wage in an amount less than they were entitled to receive, in violation of the FLSA, 29 U.S.C. § 207, and the IMWL, 820 ILCS § 105/4a.

66.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

## COLLECTIVE ACTION ALLEGATIONS

67.     Plaintiff brings Counts I and II of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without full and proper pay.

68.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> Defendant's current and former phone representatives who worked 40 hours or more in at least one workweek over the last three years in Defendant's call centers in Illinois, Texas or Florida and who worked under the job title of Customer Service Representatives or similar job titles.

69.     There are questions of law or fact common to the employees described in paragraph 68.

70.     Plaintiff is similarly situated to the employees described in paragraph 68, as Plaintiff's claims are typical of the claims of those persons.

71.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 68.

72.     This is not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 68.

73.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Counts I and II.

74.     At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 68.

## CLASS ACTION ALLEGATIONS

75.     Plaintiff brings Counts III and IV as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without full and proper pay.

76.     With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between April 30, 2016 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

77.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23 because the IMWL Class is so numerous that joinder of all class members is impracticable.

78.     Plaintiff and the members of the IMWL Class have been equally affected by Defendant's practice of not properly compensating employees for all time worked.

79.     Plaintiff and the members of the IMWL Class have been equally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

80.     Furthermore, members of the IMWL Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

81.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

82.     Plaintiff and the members of the IMWL Class, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

83.     Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL Class.  Plaintiff's counsel are competent and experienced in litigating large wage and hour and other employment class actions.

84.     If individual actions were required to be brought by each member of the Illinois Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

85.     Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

86.     Plaintiff and his counsel will fairly and adequately protect the interest of the class.

### COUNT I – FLSA
### (Failure to Pay Overtime Wages)

87.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74 as paragraph 87 of this Count I.

88.     Plaintiff, individually and on behalf and the members of the collective described in paragraph 68, asserts claims for unpaid overtime pursuant to the FLSA.

89.     At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

90.     At any and all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 68 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

91.     At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 68 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

92.     Plaintiff and the members of the collective described in paragraph 68 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

93.     At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 68 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a.     Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

    b.     Defendant failed to maintain true and accurate time records; and

    c.     Defendant encouraged Plaintiff and the members of the collective described in paragraph 68 to not record all time worked.

94.     As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 68 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

    a.  Declare and find that the Defendant committed one or more of the following acts:

        i.  Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff; and

        ii.  Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff.

    b.  Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

    c.  Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party Plaintiff;

    d.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

    e.  Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

    f.  Grant leave to add additional Plaintiff by motion or any other method approved by the Court to conform with the proofs at trial; and

    g.  Grant such further relief as the Court deems just and equitable.

### COUNT II – FLSA
**(Failure to Include Bonuses in Regular Rate of Pay )**

95.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 74 as paragraph 87 of this Count II.

96.    Plaintiff, individually and on behalf and the members of the collective described in paragraph 68, asserts claims for unpaid overtime pursuant to the FLSA resulting from Defendant's failure to include bonus compensation in the employees' regular rate of pay.

97.    At any and all times relevant hereto, Defendant was an "enterprise engaged in

commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

98.    At any and all times relevant hereto, Defendant was an "employer" of Plaintiff and the members of the collective described in paragraph 68 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

99.    At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 68 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

100.    Section 7(e) of the FLSA, 29 U.S.C. § 207(e) states that the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee.

101.    The regulations promulgated under the FLSA state, in relevant part,

Section 7(e) of the Act requires the inclusion in the regular rate of all remuneration for employment except eight specified types of payments. … Bonuses which do not qualify for exclusion from the regular rate as one of these types must be totaled in with other earnings to determine the regular rate on which overtime pay must be based.

29 C.F.R. § 778.208.

102.    The regulations further provide:

Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation. No difficulty arises in computing overtime compensation if the bonus covers only one weekly pay period. The amount of the bonus is merely added to the other earnings of the employee (except statutory exclusions) and the total divided by total hours worked. Under many bonus plans, however, calculations of the bonus may necessarily be deferred over a period of time longer than a workweek. In such a case the employer may disregard the bonus in computing the regular hourly rate until such time as the amount of the bonus can be ascertained. Until that is done he may pay compensation for overtime at one and one-half times the hourly rate paid by the employee, exclusive of the bonus. When the amount of the bonus can be ascertained, it must be apportioned back over the workweeks of the period during which it may be said to have been earned. The employee must then receive an additional amount of compensation for each

> workweek that he worked overtime during the period equal to one half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week.

29 C.F.R. § 778.209(a).

103.    Defendant failed to include the bonus compensation Plaintiff and the putative collective members earned in the computation to determine the employees' regular rate of pay.

104.    Defendant's failure to include the bonus compensation Plaintiff and the putative collective earned in the employees' regular rate of pay caused them to receive an overtime wage in an amount less than they were entitled to receive.

105.    Plaintiff and the members of the collective described in paragraph 68 were not paid the proper overtime wage for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

106.    At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 68 the proper overtime wage for all time worked over 40 hours in a week was willful in that, among other things:

  a.    Defendant knew that the FLSA required it to include bonus compensation in calculating employees' regular rate of pay and overtime wage; and

  b.    Defendant knew that the FLSA required it to pay the proper overtime wage of time and one-half for all time worked over 40 hours in a week.

107.    As a direct and proximate result thereof, Plaintiff and the members of the collective described in paragraph 68 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendant and in favor of Plaintiff and all others

similarly situated in a sum that will properly, adequately and completely compensate them for the

nature, extent and duration of their damages, the costs of this action and as follows:

    a.  Declare and find that the Defendant committed one or more of the following acts:

        i.  Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff; and

        ii.  Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party Plaintiff.

    b.  Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

    c.  Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party Plaintiff;

    d.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

    e.  Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

    f.  Grant leave to add additional Plaintiff by motion or any other method approved by the Court to conform with the proofs at trial; and

    g.  Grant such further relief as the Court deems just and equitable.

## COUNT III – ILLINOIS MINIMUM WAGE LAW
### (Failure to Pay Earned Overtime Wages)

108.   Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 66 and 75 through 86 as paragraph 108 of this Count III, as if fully set forth herein.

109.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

110.   The matters set forth in this Count III arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

111.    Defendant employed Plaintiff and the IMWL Class as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

112.    At all relevant times, Defendant was an "employer" of Plaintiff and the IMWL Class, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

113.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

114.    Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

115.    Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

116.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

   a.  That the Court determine that this action may be maintained as a class action;

   b.  A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

   c.  Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

   d.  Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

## COUNT IV – ILLINOIS MINIMUM WAGE LAW
### (Failure to Include Bonuses in Regular Rate of Pay)

117. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 66 and 75 through 86 as paragraph 108 of this Count IV, as if fully set forth herein.

118. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

119. The matters set forth in this Count IV arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

120. Defendant employed Plaintiff and the IMWL Class as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

121. At all relevant times, Defendant was an "employer" of Plaintiff and the IMWL Class, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

122. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

123. Section 3(b) of the IMWL, 820 ILCS § 105/3(b), defines "wages" as all "compensation due to an employee by reason of his employment".

124. The regulations promulgated under the IMWL state, in relevant part:

For guidance in the interpretation of the Act and this Part, the Director may refer to the Regulations and Interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. 201 et seq.).

56 Ill.Admin.Code § 210.120.

125.    Defendant failed to include the bonus compensation Plaintiff and the putative IMWL class members earned in the computation to determine the employees' regular rate of pay.

126.    Defendant's failure to include the bonus compensation Plaintiff and the putative class earned in the employees' regular rate of pay caused them to receive an overtime wage in an amount less than they were entitled to receive.

127.    Plaintiff and the members of the IMWL class were not paid the proper overtime wage for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the IMWL, 820 ILCS § 105/4a.

128.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

a.  That the Court determine that this action may be maintained as a class action;

b.  A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week where Defendant failed to include their bonus compensation in the calculation of the regular and overtime rates of pay;

c.  Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d.  Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just

Dated: January 7, 2020

Respectfully submitted,
MARTIN TORRES, Individually and on Behalf
Of All Others Similarly Situated,

/s/ Thomas M. Ryan
One of Plaintiff's attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 726-3400